**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL E. WHITACRE, | : | Case No. 2:23-cv-3625 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ADULT PAROLE AUTHORITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a former prisoner at the Noble Correctional Institution currently on Ohio Adult Parole Authority supervision, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.* (Doc. 6). This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against defendant the Ohio Adult Parole Authority (APA). (Doc. 1). In the complaint, plaintiff alleges that he was arrested on June 30, 2019 and subsequently imprisoned in the Ohio Department of Rehabilitation and Corrections. (*Id.* at PageID 5). On February 3, 2023, plaintiff claims he was notified by the APA, in writing, that he was not subject to post-release control and was recommended for transitional control with a transfer date of May 15, 2023. According to plaintiff, on May 4, 2023, he was notified that he had been reevaluated by an APA supervisor and was denied transitional control. On October 17, 2023,

plaintiff indicates that he was released with orders to report to APA supervision and he now resides in a halfway house on post-release control.[2] (*Id.*; *see also* Doc. 5 at PageID 16).

As relief, plaintiff seeks an order from this court directing the APA to terminate his term of post-release control or order requiring the APA to place him on transitional control. (*Id.*).

**A. Analysis.**

The complaint should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As here, where a plaintiff challenges the execution or validity of his conviction or sentence and seeks immediate or speedier release, the proper mechanism for plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). This includes plaintiff's challenge to the post-release control portion of his sentence:

> The Plaintiff's complaint is subject to dismissal because he cannot obtain the relief he seeks in a civil rights action. Where a person in state custody challenges the validity of a criminal sentence and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Post-release control in Ohio is part of a

---

[2] The Monroe County, Ohio Clerk of Court online docket records indicates that plaintiff was convicted of illegal conveyance of prohibited items onto the grounds of a detention facility, menacing by stalking, and possession of methamphetamine, felonies of the third, fourth, and fifth degrees respectively. *See also State v. Whitacre*, Nos. 21 MO 8, 21 MO 9, 2023 WL 2700642, at*1 (Ohio Ct. App. Mar. 29, 2023). Ohio Rev. Code 2967.28 states that "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."

Online docket records viewed at http://access.monroecountyohio.com/. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

> judicially imposed sentence, and individuals subject to post-release control are "in custody" for purposes of the habeas corpus statute. *See, e.g., In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). Therefore, habeas corpus is the exclusive federal remedy by which the Plaintiff may challenge the post-release control portion of his state sentence. He cannot obtain relief by way of a federal civil rights action under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. 475.

*Pierce v. Yost*, No. 1:20-cv-1090, 2020 WL 4043102, at *1 (N.D. Ohio July 17, 2020). *See, e.g., Thoerig v. Lightfoot*, No. 5:22-cv-1565, 2022 WL 17067463, at *3 (N.D. Ohio Nov. 17, 2022) ("Because [plaintiff] is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole federal remedy is a writ of habeas corpus."); *Williams v. Ohio*, No. 1:21-cv-1018, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) ("To the extent Plaintiff seeks release from the post release control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus.").

Accordingly, plaintiff's complaint seeking the termination of post-release control or challenging the execution of his sentence fails to state a claim upon which relief may be granted in this § 1983 action. Plaintiff's sole remedy with respect to terminating his post-release control is a petition for a writ of habeas corpus after exhausting his state court remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

    1. The plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:  December 18, 2023                        *s/Peter B. Silvain, Jr.*  _____
                                                Peter B. Silvain, Jr.
                                                United States Magistrate Judge