## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. WHITACRE, | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:23-cv-3625 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ADULT PAROLE AUTHORITY, | : | |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") that this Court dismiss Plaintiff Carl E. Whitacre's *pro se* action (ECF No. 7) and Plaintiff's objections thereto (ECF No. 8). For the reasons stated below, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

### I. BACKGROUND

Plaintiff, a former prisoner at the Noble Correctional Institution, is currently serving a sentence that includes a term of post-release control. (ECF No. 1). He filed this action against the Ohio Adult Parole Authority, seeking an order from this Court terminating his post-release control term or directing the Adult Parole Authority to place him on transitional control. (*See id.* at 5).

By way of background, Plaintiff alleges that he was arrested on June 30, 2019 and subsequently sentenced to imprisonment with the Ohio Department of Rehabilitation and Corrections. (*Id.*). On February 3, 2023, the Adult Parole Authority notified him, in writing, that he was not subject to post-release control and recommended for transitional control with a transfer date of May 15, 2023. (*Id.*). According to plaintiff, however, on May 4, 2023, he was reevaluated by an Adult Parole Authority supervisor and denied transitional control. (*Id.*). He was released on October

17, 2023, with orders to report to Adult Parole Authority supervision and now resides in a halfway house on post-release control. (*Id.*).

The Magistrate Judge first granted Plaintiff's motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 6). Upon screening the complaint *sua sponte*, in compliance with the Prison Litigation Reform Act, the Magistrate Judge recommended dismissal of the action for failure to state a claim. (ECF No. 7). Plaintiff timely objected, quoting two Ohio cases that purportedly support a claim upon which relief may be granted:

- "We held that a trial court imposing postrelease control is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry." *State v. Grimes*, 151 Ohio St. 3d 19, 22 (Ohio 2017).

- "Thus, any part of the instructions that a party claims to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge." *State v. Adkins*, 2021-Ohio-2075, ¶ 10 (Ohio Ct. App. June 11, 2021) (internal quotation marks and citation omitted).

(ECF No. 8). Plaintiff also attached a copy of his Certification of Incarceration from OHDRC. (ECF No. 8-1).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) ("The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." (citations omitted)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III. ANALYSIS

In his Complaint, Plaintiff conclusorily asserts a Ninth Amendment violation based on the imposition of his post-release control term. (ECF No. 1, at 3). Because 42 U.S.C. § 1983 provides a civil cause of action for the violation of constitutional rights, this Court liberally construes the Complaint as bringing claims under § 1983. To plausibly state a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

Plaintiff's claims here fail at the first element. As the Sixth Circuit explained, the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law" and thus has no applicability in suit under § 1983. *See Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991); *see also Paul v. Davis*, 424 U.S. 693, 700 (1976) (dismissing § 1983 claim for failing to indicate specific constitutional guarantee safeguarding the allegedly infringed interest). To the extent Plaintiff seeks to assert a claim for violation of any specific constitutional

3

right guaranteed by the Ninth Amendment, "such a claim fails simply because the Ninth Amendment does not guarantee any particular right, much less any right that is applied against the States by the Fourteenth Amendment." *Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 681 (M.D. Tenn. 2020) (collecting cases).

The Magistrate Judge thus correctly concluded that the proper mechanism for Plaintiff to challenge his post-release control term or the execution of his sentence is a petition for a writ of habeas corpus, *after* exhausting his state court remedies.[1] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Thoerig v. Lightfoot*, No. 5:22-cv-1565, 2022 WL 17067463, at *3 (N.D. Ohio Nov. 17, 2022) ("Because [plaintiff] is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole federal remedy is a writ of habeas corpus."); *Williams v. Ohio*, No. 1:21-cv-1018, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) ("To the extent Plaintiff seeks release from the post release control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus."). Accordingly, this Court concludes that *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2) is proper.

Although dismissal is appropriate, the R&R did not expressly state whether the dismissal ought to be with or without prejudice. Courts, however, may elect to dismiss without prejudice if a plausible future claim could be stated. *See e.g., Suber v. Maus,* Case No. 1:18-cv-143-SJD-SKB, 2018 WL 1940249, at *2 (S.D. Ohio Apr. 25, 2018) (dismissing for failure to state a claim without prejudice to plaintiff's right to seek relief through petition for writ of habeas corpus, or if

---

[1] (*See* ECF No. 8, at 5). Plaintiff does not allege that he has challenged the imposition of post-release control in the state courts.

4

his conviction is later invalidated, and without prejudice to pursue state law claims in state court), *report and recommendation adopted*, 2018 WL 2943234 (S.D. Ohio June 12, 2018). Because review of Plaintiff's claims may still be available in the courts of Ohio, this Court dismisses Plaintiff's claims without prejudice.

Accordingly, the Magistrate Judge's Report and Recommendation (ECF No. **7**) is **ADOPTED**; Plaintiff's objections (ECF No. 8) are **OVERRULED**; and this action is **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge's Report and Recommendation (ECF No. 7) is **ADOPTED**; Plaintiffs' Objections (ECF No. 8) are **OVERRULED**; and this action is **DISMISSED WITHOUT PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this Court's conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

                                                                                    _____
                                                                                    **ALGENON L. MARBLEY**
                                                                                    **UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2024**